**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **ZICRON LORENZEN WRIGHT,** | **:** | |
| | **:** | |
| **Plaintiff,** | **:** | |
| **VS.** | **:** | |
| | **:** | **NO. 5:15-CV-443-CAR-MSH** |
| **COLLIS,** *et al.*, | **:** | |
| | **:** | |
| **Defendants.** | **:** | |
| _____ | **:** | |

## ORDER AND RECOMMENDATION

In accordance with the Court's previous Order, *pro se* Plaintiff Zicron Lorenzen Wright has now supplemented his Complaint to include more factual detail about his claims (ECF No. 11). Plaintiff has also filed a document entitled "Notice of Refusal of Care" in which he appears to further attempt to explain his claims against Defendants (ECF No. 12). Plaintiff's claims are now ripe for preliminary screening pursuant to 28 U.S.C. § 1915A. After considering Plaintiff's submissions, the undersigned **RECOMMENDS** that Plaintiff's claims against Defendants Epps and the unnamed prison warden be **DISMISSED without prejudice**. Plaintiff's claims against Defendants Collis and Young must proceed for further factual development.

## I.     Preliminary Screening

### A.     Standard of Review

Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," the Court is required to conduct a preliminary screening of his recast complaint. *See* 28 U.S.C. § 1915A(a). When

conducting preliminary screening under 28 U.S.C. § 1915A, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). *Pro se* pleadings, like the one in this case, are "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Id.* (internal quotation marks omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

2

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

B.   Factual Allegations

According to Plaintiff's Complaint, Defendant Collis "discharged a pepper spray gun" and "ran [him] in a hall," causing Plaintiff to slip and twist his right knee. Compl. 5, ECF No. 1. Plaintiff contends Defendant Young, part of the prison's medical staff, "refused" to perform an MRI on Plaintiff's knee. *Id.* As a result, Plaintiff has lost an estimated 55% of movement in his knee. *Id.* Plaintiff also alleges that the prison's warden "refuse[d] to address the matter, even though he knew his officer was wrong" and that Defendant Epps "play[ed] a part too." *Id.*

In Plaintiff's supplement to his Complaint, he alleges that "Defendant Collis had no reason at all to use the pepper spray gun." Suppl. Compl. 1, ECF No. 11. Plaintiff contends that Defendant Collis did not "have the rank to have the pepper spray gun, and to discharge the gun is beyo[]nd his duties of an officer especially where there is no riot." *Id.* Further, Plaintiff states "[t]here was never a situation that cause for [sic] the action of a pepper spray gun or any kind of force 'physically' to be used" and that Defendant Collis was disciplined and demoted for his actions. *Id.* Plaintiff also explains that

3

Defendant Collis sprayed him with pepper spray because Defendant Epps told Defendant Collis that Plaintiff called her a "bitch." *Id.* Thus, Plaintiff believes Defendant Epps "started the foolishness" that led to the pepper-spraying incident. *Id.* at 2. Plaintiff further alleges that Defendant Epps attempted to "cover-up" Defendant Collis' conduct by failing to log the pepper-spraying incident. *Id.*

Plaintiff also explains in his supplements that Defendant Young not only refused to perform an MRI or an x-ray on Plaintiff's leg, but apparently refused to provide Plaintiff with any medical treatment at all. *See* Suppl. Compl. 1 ("No one has done nothing."); Notice of Refusal of Care 2, ECF No. 12 ("I still haven't had treatment."). Plaintiff further contends his leg was noticeably injured. *See* Suppl. Compl. 2 (noting Plaintiff's leg was "bruised from the thigh to the calf"); Notice of Refusal of Care (stating Defendant Young refused to treat Plaintiff despite bruising, "unstable joints," swelling, and pain).

Finally, Plaintiff adds that the prison warden violated his constitutional rights by failing to "look[] into the matter" and by denying Plaintiff's related grievance. Notice of Refusal of Care 1. Plaintiff also appears to allege that the warden should be responsible for delaying his medical treatment. *Id.* at 1-2.

    C.   <u>Plaintiff's Claims</u>

        *1.   Claims against Defendants Collis and Epps*

Force that is applied to a prisoner "maliciously and sadistically to cause harm" can violate the Eighth Amendment and give rise to claims under § 1983. *See, e.g., Skrtich v. Thornton*, 280 F.3d 1295, 1300 (11th Cir. 2002). Construing Plaintiff's allegations very

liberally, as the Court is required to do at this stage, Plaintiff's allegations that Defendant Collis sprayed him with pepper spray without reason or justification, causing Plaintiff injury, are sufficient to permit his Eighth Amendment claims to proceed for further factual development. *Cf. Vinyard v. Wilson*, 311 F.3d 1340, 1348 (11th Cir. 2002) ("Courts have consistently concluded that using pepper spray is excessive force in cases where the crime is a minor infraction, the arrestee surrenders, is secured, and is not acting violently, and there is no threat to the officers or anyone else.").

Plaintiff's allegations against Defendant Epps, however, fail to state a claim upon which relief may be granted. Plaintiff has not alleged that Defendant Epps directed Defendant Collis to pepper spray Plaintiff, knew Defendant Collis planned to take such action, or observed or knew that Defendant Collis sprayed Plaintiff. Plaintiff's hypothesis that "Defendant Epps started the matter" is nothing more than conjecture and is simply not supported by sufficient facts. Notice of Refusal of Care 2. Plaintiff also fails to explain how Defendant Epps' alleged refusal to "log the situation in the log book keeping it covered-up," *id.*, violated his constitutional rights. *See Hadley v. Gutierrez*, 526 F.3d 1324, 1332-33 (11th Cir. 2008) (dismissing plaintiff's § 1983 claims related to alleged cover-up where plaintiff left the court "completely in the dark about the constitutional basis" for claim because plaintiff "has the burden to show an actual denial of his constitutional rights underlying the cover-up conspiracy"). As such, the undersigned **RECOMMENDS** that Plaintiff's claims against Defendant Epps be **DISMISSED without prejudice.**

5

2.      *Claims against Defendant Young*

A prisoner who demonstrates that a prison official was deliberately indifferent to his serious medical needs can state a claim under the Eighth Amendment.  *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). "To show that a prison official acted with deliberate indifference to serious medical needs, a plaintiff must satisfy both an objective and a subjective inquiry." *Id.* at 1243.  A plaintiff must first "set forth evidence of an objectively serious medical need," and must also "prove that the prison official acted with an attitude of 'deliberate indifference' to that serious medical need." *Id.*  In other words, prison officials must both "know of and then disregard an excessive risk to the prisoner." *Dunn v. Martin*, 178 F. App'x 876, 877 (11th Cir. 2006) (per curiam).  "Mere negligence in diagnosing or treating a medical condition, or even medical malpractice, does not state an Eighth Amendment claim of medical mistreatment." *Id.*  Moreover, "[w]hether prison officials should have employed additional diagnostic techniques or care is an example of medical judgment and not an appropriate basis for § 1983 liability." *Id.*

Plaintiff's description of his injuries adequately alleges the existence of a "serious medical need," at least for purposes of preliminary screening.  To establish "deliberate indifference," to that need, Plaintiff must also show that Defendant Young had (1) subjective knowledge of a risk of serious harm, and (2) disregarded that risk (3) by conduct that is more than gross negligence. *See McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999); *Townsend v. Jefferson County*, 601 F.3d 1152, 1158 (11th Cir. 2010).  Plaintiff has met this burden as to Defendant Young.  Plaintiff alleges he received no treatment from Defendant Young despite presenting to her with extensive bruising,

6

swelling, instability, and pain.   The undersigned therefore will allow these claims to
proceed for further factual development.

### 3. *Claims against Prison Warden*

To the extent Plaintiff seeks to add the prison's unnamed warden as a Defendant,
Plaintiff's claims must fail.   Supervisors can only be held liable under § 1983 if they
personally participated in the allegedly unconstitutional conduct or if there is a causal
connection between their actions and the alleged constitutional violation.   *See, e.g.,*
*Hendrix v. Tucker*, 535 F. App'x 803, 805 (11th Cir. 2013) (per curiam).   A causal
connection can be established if the plaintiff shows

> (1) "a history of widespread abuse puts the responsible supervisor on notice of the
> need to correct the alleged deprivation and he fail[ed] to do so; (2) the supervisor's
> improper custom or policy le[d] to deliberate indifference to constitutional rights;
> or (3) facts support an inference that the supervisor directed the subordinates to act
> unlawfully or knew that the subordinates would act unlawfully and failed to stop
> them from doing so.

*Id.*   "The standard by which a supervisor is held liable in her individual capacity for the
actions of a subordinate is extremely rigorous."   *Id.* (internal quotation marks omitted).

In this case, Plaintiff contends the warden "refuse[d] to address" Defendant Collis'
conduct, "even though [the warden] knew his officer was wrong."   Compl. 5.   Plaintiff's
allegation is belied by his contention that Defendant Collis was demoted as a result of the
incident.   *See id.*   More importantly however, even assuming the veracity of this
allegation, the warden's failure to address a single instance of misconduct does not
demonstrate that the warden had knowledge of "widespread abuse," that Plaintiff's
injuries were the result of an improper custom or policy, or that the warden instructed

Defendant Collis to act unlawfully or knew he would do so and was in a position to stop him. *Cf. Hendrix*, 535 F. App'x at 805 (plaintiff's contention that supervisors were on notice of need to correct constitutional deprivations because supervisors were aware of his administrative grievances and state court litigation was insufficient to establish that any alleged abuse was more than just an isolated occurrence).

Plaintiff also alleges that the warden should be liable for Defendant Young's failure to provide Plaintiff with adequate medical treatment, apparently because the warden failed to "look into" and ultimately denied Plaintiff's grievance regarding his medical care. *See* Notice of Refusal to Provide Care 1. Plaintiff does not, however, allege that the warden personally participated in any medical decision-making, had any customs or policies regarding medical care, directed any of his subordinates to neglect Plaintiff's medical care, or knew they were doing so and failed to stop them. Indeed, Plaintiff alleges that the warden "never seen me nor looked at my leg." Suppl. Compl. 2. While Plaintiff alleges he sent the warden a grievance addressing his injuries, this again falls short of informing the warden of the kind of "widespread abuse" that is required to impose supervisory liability on a prison official. *See Hendrix*, 535 F. App'x at 805; *see also Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993) (holding that two defendants who were not medical professionals could not be deliberately indifferent "simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor"). Accordingly, the undersigned **RECOMMENDS** that Plaintiff's claims against the prison warden be **DISMISSED without prejudice.**

## II.      Conclusion

For the foregoing reasons, the undersigned **RECOMMENDS** that Plaintiff's claims against Defendants Epps and the unnamed prison warden be **DISMISSED without prejudice**.  Plaintiff's claims against Defendants Collis and Young must proceed for further factual development.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable C. Ashley Royal, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation.  The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections.  Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made.  *See* 11th Cir. R. 3-1.

## ORDER FOR SERVICE

Having found that Plaintiff has made colorable constitutional violation claims against Defendants Collis and Young, it is accordingly **ORDERED** that service be made on Defendants and that they file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act.  Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are similarly advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence

10

filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendants from whom discovery is sought by the Plaintiff. The Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed.  Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure.  The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian.  **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendants (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court.  This 90-day period shall run separately as to Plaintiff and Defendant beginning on the date of filing of Defendants' answer or dispositive motion (whichever comes first). The scheduling of a

trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: except with written permission of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred - twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

## DIRECTIONS TO CUSTODIAN OF PLAINTIFF

As previously ordered, the Warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county where he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent

(20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act, Plaintiff's custodian is authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

Collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

### PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the Prison Litigation Reform Act, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; Plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act. Collection from Plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments.  Plaintiff's Complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

SO **ORDERED** and **RECOMMENDED**, this 24th day of March, 2016.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE