## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| ZICRON LORENZEN WRIGHT, | : | |
| | : | |
| Plaintiff, | : | |
| VS. | : | |
| | : | NO. 5:15-CV-443-CAR-MSH |
| CHARLES COLLIS, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

## <u>ORDER AND RECOMMENDATION</u>

Presently pending before the Court is Defendants' motion to dismiss (ECF No. 24), Plaintiff's motion to amend (ECF No. 30), and Plaintiff's motion to compel (ECF No. 37). Plaintiff's motions are denied. For the reasons explained below, it is recommended that Defendants motion be granted in part and denied in part.

## BACKGROUND

Plaintiff's claims arise from his incarceration at Georgia Diagnostic and Classification State Prison. Compl. 3, ECF No. 1. Plaintiff alleges that on March 14, 2015, Defendant Sergeant Collis rushed Plaintiff into a hallway and discharged a pepper spray gun. *Id.* While running, Plaintiff slipped in pepper spray and water, twisting his right knee. *Id.* He alleges that Defendant Dr. Young refused to treat Plaintiff with an M.R.I. and/or an x-ray. *Id.* & Suppl. to Compl. 1, ECF No. 11. After preliminary screening, Plaintiff's excessive force claim against Defendants Collis and deliberate indifference claim against Defendant Young were allowed to proceed for further factual development. Order 1, April 27, 2016, ECF No. 21.

**DISCUSSION**

**I.     Plaintiff's Motions**

A.     Plaintiff's Motion to Amend

Plaintiff filed a motion to amend his Complaint on June 9, 2016 (ECF No. 30). Pursuant to Federal Rule of Civil Procedure 15(a), after a party has amended its pleading once as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave."   Fed. R. Civ. P. 15(a)(1)-(2).   Rule 15 instructs the Court to "freely give leave when justice so requires."   *Id.*   However, leave to amend is "by no means automatic."   *Layfield v. Bill Heard Chevrolet Co.,* 607 F.2d 1097, 1099 (5th Cir. 1979).   "[A] motion to amend may be denied on numerous grounds, such as undue delay, undue prejudice to the defendants, and futility of the amendment." *Carruthers v. BSA Adver., Inc.,* 357 F.3d 1213, 1218 (11th Cir.2004) (internal citation and quotation marks omitted).   Where a party demonstrates unjustifiable delay in moving to amend, the court may deny the party's motion.   *Wright v. Waller*, No. 5:10-CV-254-MTT, 2011 WL 3665118, at *1 (M.D. Ga. Aug. 22, 2011) (denying Plaintiff's motion to for leave where the amended complaint was filed a year after the original complaint and seven months after defendant's motion to dismiss, and plaintiff did not attempt to justify the delay nor suggest the new claims were unknown at the time the original complaint was filed).

In the instant case, Plaintiff filed his motion to amend seven months after he filed his original complaint and almost four months after his first supplement to his complaint

(ECF No. 11).  He provides no explanation for the delay.  Plaintiff does not suggest the information and allegations within his proposed amendment were unknown at the time the original Complaint or subsequent supplement were filed. Plaintiff has already had an opportunity to amend.  For those reasons, the Plaintiff's motion to amend is denied.

### B.      Plaintiff's Motion to Compel

Plaintiff filed a motion to compel (ECF No. 37) on September 1, 2016.  Discovery was stayed on June 2, 2016 pending the resolution of Defendants' motion to dismiss. Text-only Order, June 2, 2016, ECF No. 28.  Plaintiff's motion to compel is therefore premature and is denied.

## II.    Defendants' Motion to Dismiss

### A.      Abuse of Judicial Process

Defendants aver that Plaintiff abused the judicial process by failing to disclose previous lawsuits.  Defs.' Br. in Supp. 2-5, ECF No. 24-1.  The Eleventh Circuit has upheld a district court's right to dismiss a complaint as a sanction for abuse of process when the plaintiff was dishonest regarding his litigation history.  *See Redmon v. Lake Cty. Sheriff's Office*, 414 F. App'x 221, 225-26 (11th Cir. 2011); *Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006).  "A district court may impose sanctions if a party knowingly files a pleading that contains false contentions."  *Redmon*, 414 F. App'x at 225 (citing Fed. R. Civ. P. 11(c).)  However, "the court must make a finding of bad faith on the part of the litigant before imposing such sanctions."  *In re Sunshine Jr. Stores, Inc.,* 456 F.3d 1291, 1304 (11th Cir. 2006).  A party engages in bad faith by "delaying or

disrupting the litigation or hampering enforcement of a court order." *Id.* (quotation and citation omitted).

Plaintiff filed his complaint using the Middle District's Questionnaire for the Prisoners Proceeding Pro Se under 42 U.S.C. § 1983 (the Standard Form). Compl. 1. Question 6 of the Standard Form asks:

> Other than an appeal of your conviction or sentence, and other than any habeas action, have you ever filed any lawsuit while incarcerated or detained?

Plaintiff responded "no." *Id.* at 2. Defendants assert that Plaintiff failed to disclose a previous federal lawsuit: *Wright v. Unnamed Defendant,* 4:12-cv-14 (S.D. Ga.), which was dismissed without prejudice. Defs.' Br. in Supp. 4. Plaintiff responds that he did not include the suit on the Standard Form because he "thought that it was over due to his lack of knowledge to the law[.]" Pl.'s Resp. 5, ECF No. 31. It appears that Plaintiff incorrectly assumed that a dismissed lawsuit did not need to be identified.

Based upon Plaintiff's response to Defendants' motion to dismiss for abuse of judicial process, and because he failed to identify only one suit, this Court cannot find that that Plaintiff engaged in bad faith in failing to list this one lawsuit on the Standard Form. Therefore, the Court recommends that Defendants' motion to dismiss be denied on the grounds of abuse of judicial process.

B.      Failure to State a Claim

Defendants argue that Plaintiff fails to state claims for deliberate indifference and excessive force, and his Complaint should be dismissed. Defs.' Br. in Supp. 7-13. When considering a 12(b)(6) motion to dismiss, the Court must accept as true all facts set forth

4

in the plaintiff's complaint and limit its consideration to the pleadings and exhibits attached thereto. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do[.]" *Id.* Although the complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims, *id.* at 556, "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable,'" *Watts v. Fla. Int'l Univ.,* 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly,* 550 U.S. at 556).

### i. *Excessive Force – Defendant Collis*

Whether an Eighth Amendment constitutional violation occurred "ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline[,] or [whether force was applied] maliciously and sadistically for the very purpose of causing harm." *Hudson v. McMillian*, 503 U.S. 1, 6 (1992) (internal quotation marks and citation omitted). In the light most favorable to Plaintiff, Defendant Collis discharged pepper spray without reason. Supp. to Compl. 1, ECF No. 11. Defendant Collis used the pepper spray on inmates solely because unspecified inmates called another officer a "bitch." *Id.* Plaintiff was in the vicinity when Defendant Collis discharged pepper spray. Compl. 5;

Pl.'s Resp. 2, ECF No. 31. During the use of pepper spray, Plaintiff was ordered to run into a hall. Compl. 5. Plaintiff slipped in the pepper spray and water on the floor. Plaintiff's fall injured his knee, and he has now lost approximately 55% of the movement in his knee. *Id.*

"Courts have consistently concluded that using pepper spray is excessive force in cases where the crime is a minor infraction, the arrestee surrenders, is secured, and is not acting violently, and there is no threat to the officers or anyone else." *Vinyard v. Wilson*, 311 F.3d 1340, 1348 (11th Cir. 2002). Plaintiff's allegations that Defendant Collis sprayed him with pepper spray without reason or justification—solely because an unnamed inmate called an officer a "bitch"—causing Plaintiff injury is sufficient to state a claim for excessive force. Plaintiff's excessive force claim should go forward for further factual development and discovery. This Court therefore recommends denying Defendants' motion to dismiss as to Plaintiff's claim against Defendant Collis.

### ii. *Deliberate Indifference – Defendant Young*

"[T]o prevail on a deliberate indifference to serious medical need claim, [a plaintiff] must show: (1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Mann v. Taser Int'l*, 588 F.3d 1291, 1306-07 (11th Cir. 2009). "A serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Bingham v. Thomas*, 654 F.3d at 1176 (internal quotation marks and citation omitted). Deliberate indifference requires a showing of a "subjective knowledge

of a risk of serious harm" and "disregard of that risk . . . by conduct that is more than mere negligence." *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004) (citation omitted).

To survive this motion, Plaintiff's Complaint must contain sufficient factual allegations which, taken as true, establish: (1) that his leg injury constitutes an objectively serious medical need; (2) that Defendant Young was deliberately indifferent to that need in that Defendant Young had (a) subjective knowledge of potential serious harm, (b) disregarded that risk, and (c) Defendant's conduct amounted to more than mere negligence; and (3) Defendants' indifference caused Plaintiff injury. *See Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004). A mere disagreement with the treatment received does not give rise to a claim for deliberate indifference. *See Hamm v. Dekalb Cnty.*, 774 F.2d 1527, 1575 (11th Cir. 1985). Specifically, "an inmate's desire for a different mode of treatment does not rise to the level of deliberate indifference." *Id.* Negligence in treatment, even rising to the level of medical malpractice, is not deliberate indifference. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment."). Instead, the treatment must be "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991) (internal quotation marks and citations omitted).

Considering Plaintiff's Complaint and supplement to his complaint in the light most favorable to him, after Plaintiff slipped and fell, "Dr. Young refused to M.R.I. me like my knee don't matter" Compl. 5. He says that "Dr. Young as soon as she seen me,

7

the first thing that came out of her mouth was I'm not going to do a[n] M.R.I., neither am I taking an []x-ray."  Supp. to Compl. 1.  Plaintiff avers that now he is in "excruciating pain" because his leg has healed on its own[1] and now his leg gives out, which resulted in an injury to his toe.  Compl. 5; Supp. to Compl. 1.  Plaintiff has "lost maybe 55% of my movement in my knee." Compl. 5.

Plaintiff does not allege that Defendant Young failed to treat his knee.  Rather, he alleges that Defendant Young failed to provide him with an M.R.I. or x-ray.  On the assertions described above, this Court cannot find that Plaintiff has stated a claim for deliberate indifference.  Declining to order an M.R.I. or x-ray under these alleged circumstances does not state a claim for deliberate indifference.  *See  Estelle,* 429 U.S. at 106.  This Court therefore recommends that Defendants' motion to dismiss be granted as to Plaintiff's claim against Defendant Young.

C.      Official Capacity Claims

Defendants aver that any claims against Defendants in their official capacities are barred by the Eleventh Amendment.  Defs.' Br. in Supp. 13.  The Court agrees.  The Eleventh Amendment bars suit against a State or one of its agencies, departments or officials, absent a waiver by the State or a valid congressional override, when the State is the real party in interest and any monetary recovery would be paid from state funds. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985).  Any claims against the Defendants in their official capacities for monetary damages are barred by the Eleventh Amendment

---

[1] Taken in the light most favorable to Plaintiff, the Court will construe Plaintiff's statement that his injury healed on its own to mean that the injury healed differently on its own than it would have with an M.R.I. or x-ray.

and Plaintiff cannot recover monetary damages against the Defendants in their official capacities; it is therefore recommended that Defendants' motion for summary judgment (ECF No. 24) be granted as to the official capacity claims against Defendants.

### D.     Qualified Immunity

Defendants also argue that Defendant Collis is entitled to qualified immunity.[2] Defs.' Br. in Supp. 15.  However, "when a plaintiff making an excessive force claim has alleged facts sufficient to survive a motion to dismiss or a motion for summary judgment demonstrating that the officer used force maliciously and sadistically to cause harm, he has necessarily established the two prongs required to defeat a defense of qualified immunity." *Dobbins v. Giles*, 451 F. App'x 849, 851 (11th Cir. 2012) (internal quotation marks and citation omitted).  Having found that Plaintiff states a claim for excessive force against Defendant Collis used excessive force, the Court cannot find that Defendant Collis is entitled to qualified immunity.  It is therefore recommended that Defendants' motion to dismiss on qualified immunity be denied.

### CONCLUSION

For the reasons explained above, Plaintiff's motion to amend (ECF No. 30) and motion to compel (ECF No. 37) are denied.  It is recommended that Defendants' motion to dismiss (ECF No. 24) be granted in part. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy hereof.

---

[2] Defendants assert that Defendant Young is also entitled to qualified immunity, but the Court need not address this issue as it recommends dismissal of the claim against Defendant Young.

The district judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

SO RECOMMENDED, this 28th day of February, 2017.

S/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE