# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

ZICRON LORENZEN WRIGHT, :
:
        Plaintiff, :
: CASE NO. 5:15-cv-00443-TES-MSH
        v. :
:
CHARLES COLLIS, :
:
        Defendant. :
_____

## **ORDER AND REPORT AND RECOMMENDATION**

Presently pending before the Court is Defendant Charles Collis' motion for summary judgment (ECF No. 83) and Plaintiff Zicron Wright's motions for summary judgment (ECF No. 87) and appointed counsel (ECF No. 86). For the reasons explained below, Plaintiff's motion for appointed counsel is denied and it is recommended that Defendant's motion for summary judgment be granted and Plaintiff's motion for the same be denied.

## BACKGROUND

Plaintiff's claims arise from his incarceration at Georgia Diagnostic and Classification State Prison ("GDCP"). Compl. 3, ECF No. 1. He alleges that on March 14, 2015, Defendant Collis entered his dormitory, discharged a pepper spray gun, and ordered him and other inmates into the hallway. *Id.* While moving to the hallway, Plaintiff fell and injured his right leg. *Id.* Plaintiff states he fell because Defendant Collis was

rushing him, there was a "massive movement" of inmates, and he was wearing "shower shoes." Wright Dep. 65, ECF No. 83-3.

Following a preliminary review of Plaintiff's claims and consideration of Defendants' motion to dismiss, only Plaintiff's excessive force claim against Defendant Collis remains. Order 1, April 27, 2016, ECF No. 21; Order, March 21, 2017, ECF No. 41. Defendant Collis moves for summary judgment, arguing that "Plaintiff does not have an actionable constitutional claim" against him. Def.'s Br. in Supp. of Mot. for Summ. J. 1, ECF No. 83-2. Plaintiff also moves for summary judgment and seeks appointed counsel, claiming he is unable to afford counsel and the issues are too complex for him to litigate *pro se*. Pl.'s Br. in Supp. of Mot. for Summ. J. 1-2, ECF No. 87-2; Mot. to Appoint Counsel 1, ECF No. 86.

## DISCUSSION

### I. Plaintiff's Motion to Appoint Counsel

Under 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." There is, however, "no absolute constitutional right to the appointment of counsel" in a § 1983 lawsuit. *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987) (per curiam). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982). In deciding whether legal counsel should be provided, the Court considers, *inter alia*, the merits of Plaintiff's claims and the complexity of the issues presented. *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989) (en banc).

Plaintiff has sought appointed counsel twice before (ECF Nos. 7, 53). Both times, the Court denied Plaintiff's motions because the essential factual allegations underlying his claims and the applicable legal doctrines were readily apparent. *E.g.*, Order 3, ECF No. 58. Those circumstances have not changed. Plaintiff's motion for appointed counsel (ECF No. 86) is denied.

## II. Summary Judgment

### A. Standard of Review

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A fact is *material* if it is relevant or necessary to the outcome of the suit. *Id.* at 248. A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.*

### B. Defendant's Motion

Defendant Collis asserts he is entitled to summary judgment because "there is a complete absence of evidence of a malicious purpose or intent to cause harm, and also because there is a complete absence of causation evidence." Def.'s Br. in Supp. of Mot. for Summ. J. 7. Plaintiff contends Defendant Collis "maliciously and sadistically discharged" the pepper spray which caused "Plaintiff to injure himself." Pl.'s Br. in Supp.

3

of Mot. for Summ. J. 1. Because the evidence, considered in the light most favorable to Plaintiff, does not present a genuine question as to whether Defendant acted maliciously and sadistically and thus, with excessive force, it is recommended that Defendant's motion for summary judgment (ECF No. 83) be granted.

### 1. Excessive Force Standard

Force used against a prisoner can violate the Eighth Amendment and give rise to claims under § 1983. *See, e.g., Skrtich v. Thornton*, 280 F.3d 1295, 1300 (11th Cir. 2002). Whether an Eighth Amendment constitutional violation occurred "ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline[,] or [whether force was applied] maliciously and sadistically for the very purpose of causing harm." *Hudson v. McMillian*, 503 U.S. 1, 6 (1992) (internal quotation marks and citation omitted). In order to determine if force was used "maliciously and sadistically to cause harm," the Court looks to: "(1) the extent of injury; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) any efforts made to temper the severity of a forceful response; (5) the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of facts known to them." *Campbell v. Sikes*, 169 F.3d 1353, 1375 (11th Cir. 1999) (internal quotation marks and citation omitted).

"When considering these factors, we give a wide range of deference to prison officials acting to preserve discipline and security[.]" *Fennell v. Gilstrap*, 559 F.3d 1212, 1217 (11th Cir. 2009) (internal quotation marks and citation omitted). "[N]ot every malevolent touch by a prison guard gives rise to a federal cause of action." *Wilkins v.*

*Gaddy*, 599 U.S. 34, 57 (2010). The use of "*de minimis*" force does not constitute excessive force unless it is "of a sort repugnant to the conscience of mankind." *Hudson*, 503 U.S. 1, 9-10.

2. *Application to this Case*

The following facts are undisputed. On March 14, 2015, Defendant Collis entered Plaintiff's dorm to conduct a search then discharged a pepper spray gun and ordered inmates to strip to their boxers and shoes and assemble in the hallway. Wright Dep. 58; Def.'s Statement of Undisputed Material Facts ("SMF") 2, ECF No. 83-1. Plaintiff was not hit by the pepper spray shot in the dorm. Wright Dep. 61; Def.'s SMF 2. While moving into the hallway, Plaintiff slipped and injured his right leg. Wright Dep. 56-57; Def.'s SMF 2. Plaintiff's leg was bruised but there was no apparent structural damage. Wright Dep. 57, 81; Def.'s SMF 3. After Plaintiff fell, Defendant Collis discharged the pepper spray gun again and it hit near Plaintiff and bounced onto him. Wright Dep. 61-65, 73; Def.'s SMF 2. Plaintiff was not injured by Defendant Collis' use of the pepper spray gun in the hallway. *See* Wright Dep. 90; Def.'s SMF 3.

There is no genuine dispute as to whether Defendant Collis used excessive force. Plaintiff's injury—a bruised right leg—was not severe. It occurred during a legitimate penological operation. *See Hudson v. Palmer*, 468 U.S. 517, 522-23 (upholding the constitutionality of random searches of prisoners' lockers and cells). It was reasonable to use some degree of force to carry out the search, as the officers were far outnumbered by the inmates in the dorm. *See Bennett v. Parker*, 898 F.2d 1530, 1533 (11th Cir. 1990) ("[M]anagement by a few guards of large numbers of prisoners . . . may require and justify

the occasional use of a degree of intentional force."); Wright Dep. 42; Def.'s Statement of Undisputed Material Facts 2. When Defendant Collis and other correctional officers noticed that Plaintiff fell, they instructed several inmates to help him into a wheelchair and sent him for medical examination. Wright Dep. 70-75. Given the undisputed facts, and the deference afforded prison officials acting in furtherance of security and discipline, no reasonable finder of fact could find that Defendant Collis acted with malicious or sadistic intent. Accordingly, it is recommended that Defendant's motion for summary judgment (ECF No. 83) be granted and Plaintiff's motion for the same (ECF No. 87) be denied.

## CONCLUSION

For the reasons explained above, it is recommended that Defendant's motion for summary judgment (ECF No. 83) be granted and Plaintiff's motion for the same (ECF No. 87) be denied. Plaintiff's motion seeking appointed counsel (ECF No. 86) is denied. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy hereof. The district judge shall make a *de novo* determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the

consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

SO ORDERED AND RECOMMENDED, this 30th day of August, 2018.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE